**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROKEISHA SHARRON STALLWORTH,  )
                                                      )
                          Plaintiff,           )
                                                      )
            v.                                     )         Civil Action No.  23-02560 (UNA)
                                                      )
                                                      )
BRYANT AND STRATTON COLLEGE,  )
                                                      )
                          Defendant.         )

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is lacking).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The jurisdiction of the federal district courts is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).

Plaintiff is a District of Columbia resident who has sued the online division of a private college in Buffalo, New York, for $25,000.  ECF No. 1 at 1-2, 4.  Allegedly, Plaintiff has an

associate degree in Human Resources and is pursuing a bachelor's degree.  *Id*. at 3.  Plaintiff refers

only to "an issue on a case about long period . . . of time" at the college, *id*., which is reason enough

to dismiss the complaint as "absolutely devoid of merit."  *Hagans v. Lavine*, 415 U.S. 528, 536–

37 (1974).  Furthermore, Plaintiff checks federal question as the jurisdictional basis, ECF No. 1 at

3, but has not invoked "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Consequently, this case will be dismissed by separate order.


_____/s/_____

JIA M. COBB

Date:  October 24, 2023                                    United States District Judge